### STATE OF FLORIDA v. FRANKLIN
Case No. 82-2536-CF
Second Judicial Circuit, Leon County
March 22, 1984

Steve Parton, for plaintiff.

Robert A. Harper, for defendant.

J LEWIS HALL, JR., Circuit Judge

---

The Motion to Suppress filed on behalf of Defendant, Robert Andre' Franklin in the above-styled cause came before this Court on a Stipulation of Facts between the parties arrived at through their respective counsel and the Defendant in proper person. Having examined the record and presided over all hearings and proceedings in this matter, and upon due consideration of the facts and arguments of law presented by counsel, this Court is prepared to and does accept said Stipulation of Facts and makes the following Findings of Fact and Conclusions of Law:

1. On 27 October 1982, pursuant to a joint investigation by the Leon County Sheriff's Office (LCSO) and the Florida Department of Law Enforcement (FDLE), Michael Reed Zoller, working as an undercover operative in the joint interdepartmental enterprise, engaged in and concluded an alleged cocaine transaction with Robert Lee Vause at which time a third, unnamed, unidentified party was allegedly present at Vause's place of business. After the incident, Zoller described the party to law enforcement as a white male, approximately 5'10" tall, 175 pounds in weight, with black hair and a black beard, between thirty (30) and thirty-five (35) years old. Neither FDLE nor LCSO conducted any surveillance, monitoring or eavesdropping of the alleged transaction. Zoller was the only representative of law enforcement and only prosecution witness present at the alleged meeting. In the course of the undercover investigation into Robert Lee Vause, the 27 October 1982, meeting was the only contact any representative of law enforcement had with the alleged unnamed third party.[1]

2. At the meeting, Zoller observed a white late model Datsun 280 ZX in the parking lot. He remembered that the license tag read either WBY or WDY "675 or 67 something." Zoller never saw the unnamed third party in or around the Datsun, but associated the vehicle and person because it "was the only strange car there."

3. Investigating officers ran a computer check on all possible combinations of tag numbers as described by Zoller to determine if or which numbers corresponded to the description. One of the "hits" was for a Datsun 280 ZX registered to Robert Andre' Franklin. When the

---

[1]The Defendant, Robert Andre' Franklin, after his arrest in this case was charged by information as a co-defendant with Vause and acquitted by a jury on 7 October 1983.

officers could not locate Franklin at the address on the print out, a BOLO[2] was put out on the vehicle.

4. The following night, 28 October 1982, Deputy Sheriff Leila Allen informed investigating officers, Sgt. David Fussell and Detective William Spears, LCSO, that a Datsun fitting the description was parked in front of Meridian Place Apartments in Tallahassee. Officer Spears and Fussell initiated a surveillance of the complex from 10:15 p.m., 28 October 1982, and continued until 1:50 a.m., 29 October 1983, when a man who met the description given by Zoller approached and entered the Datsun 280 ZX, license number WBY 675. The automobile left the lot and the officers followed in an unmarked car and called in several marked units which joined the surveillance later. As the investigation into the cocaine transaction was still continuing, the officers had no intent to arrest the driver at that time for the offense which allegedly had occurred on 27 October 1982. They planned at some point to stop the car and make a positive identification of the driver and let him proceed again, once the license and registration check was complete. The driver would not be free to leave until the license and the registration were produced and checked out.

5. After some ten (10) minutes of driving under surveillance, the officers observed the Datsun allegedly run a stop sign. The marked car was now in position and turned on its blue flashing light. The marked unit passed the unmarked car and the Datsun, stopping it between the marked unit and unmarked unit, being occupied by driver Sgt. Fussell and passenger Deputy Spears. The detention of the vehicle was a proper stop under Section 901.151, Florida Statutes.

6. Spears, Fussell and several other officers advanced on the Datsun with their weapons drawn. Sgt. Fussell initiated questioning of the driver; the other officers held their weapons on the car. At that point, Franklin was in custody within the meaning of *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966). Sgt. Fussell asked the driver to produce his driver's license and vehicle registration. The driver, Robert Andre' Franklin, got out of the car and produced his license. When Sgt. Fussell asked if he had his vehicle registration, Franklin returned to and entered the passenger compartment where he produced the vehicle registration from the glove compartment. Sgt. Fussell next asked Franklin what he had in the car. Franklin named a towel, real estate book, sunroof covers and sunglasses. This constituted questioning for the purposes of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). Fussell observed among other things that Franklin did not mention a brown paper bag on the floorboard.

---

[2]Be on look out.

Fussell then asked Franklin what was in the bag, to which Franklin replied "Something I shouldn't have." When Fussell asked an additional question, Franklin looked inside the bag and said that it looked like about a pound of pot (cannabis). Sgt. Fussell then seized and inspected the contents of the bag. Seeing a quantity of vegetable matter, (approximately one pound), Sgt. Fussell placed Franklin under arrest for possession of cannabis with intent to sell. At no prior point did there exist probable cause to arrest or search or reasonable suspicion of the presence of weapons. Franklin was then handcuffed, searched and initially informed of his *Miranda* rights before being placed inside one of the marked units. He was then transported to the Leon County Jail.

7. Franklin's statement was elicited in violation of his *Miranda* rights. The discovery of the cannabis was the direct, immediate and unattenuated fruit of the *Miranda* violation. The statement and all evidence of the existence of the cannabis is inadmissible and by this Order shall be suppressed and excluded as evidence in the case of chief of the State upon trial of this cause.